# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JACKEY BOWLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11CV43 SNLJ |
| | ) |
| BOB HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 276785), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $19.37. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $96.83, and an average monthly balance of $20.93. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $19.37, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Bob Holder (Sheriff, Dunklin County); John Doe #1 (Deputy Sheriff); John Doe #2 (Deputy Sheriff); John Doe #3 (Deputy Sheriff); John Doe #4 (Deputy Sheriff); John Doe #5 (Nurse, Dunklin County); Unknown Williams (Doctor, Correctional Medical Services ("CMS"), Missouri Eastern Correctional Center ("MECC")); and Unknown Farnham (Western Missouri Medical Center ("WMCC")).

Plaintiff alleges that during his incarceration at Dunklin County Jail he suffered a heart attack and that he was not immediately given the proper medical attention relative to his symptoms. As to these claims, plaintiff names Bob Holder and John Does #1-5 as defendants. Plaintiff asserts that even after his coronary issues were

discovered, defendant Williams, a CMS doctor at MECC, acted with deliberate indifference to his medical needs. Lastly, plaintiff asserts that after undergoing a quadruple bypass, defendant Farnham, a doctor at WMCC, has acted with deliberate indifference to his medical needs. Plaintiff seeks monetary damages in his complaint.

Plaintiff's complaint survives initial review under 28 U.S.C. § 1915. As such, the Court will order the Clerk of Court to issue service of process on defendants Farnham, Holder and Williams, the only properly named defendants in this action. After defendants answer plaintiff's complaint and the Court issues a Case Management Order in this action, plaintiff will have the opportunity to seek discovery relative to the identities of John Doe defendants #1-5. If plaintiff is able to ascertain their identities in a timely manner, he should file a motion to substitute parties and provide the Court with the defendants' proper names and the addresses at which they may be served. If plaintiff fails to do so in a timely manner, John Does defendants #1-5 will be dismissed, without prejudice, from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $19.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to properly named defendants: Unknown Williams, Unknown Farnham and Bob Holder.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 21st day of March, 2011.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE